**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No.:   14-cv-2658**

**MIKE J. ROSAGLIO**

      **Plaintiff,**

**v.**

**FIRST NATIONAL COLLECTION BUREAU, INC.**

      **Defendant**

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 47 U.S.C. § 227 *et seq.*

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act,(FDCPA) 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act, (TCPA) of 1991, 47 U.S.C.§227 *et seq.*

## VENUE

3.  Venue is proper in this District.

4.  The acts and transactions occurred in this District.

5.  The Plaintiff resides in this District.

6.  The Defendant transacts business in this Judicial District.

7.  The Defendant is a Colorado foreign corporation, incorporated in Nevada.

**PARTIES**

8.    Plaintiff Mike J. Rosaglio is a natural person who resides in the City of Loveland, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.    Defendant First National Collection Bureau, Inc. (hereinafter "Defendant") is a Nevada corporation operating from an address of 610 Waltham Way, McCarran, Nevada 89434 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10.   On or about September 12, 2014 the Defendant made communication with the Plaintiff concerning an alleged debt owed by the Plaintiff by sending a letter via the U.S. Mail.

11.   The debt that the Defendant was collecting on concerned an alleged Target National Bank consumer credit card.

12.   The debt is a debt that falls under the definition of 15 U.S.C. §1692(a)5.

13.   The Plaintiff disputes the debt and believes that the debt is invalid.

14.   On September 19, 2014 the Plaintiff called the number on the Defendant's letter to discuss the apparent collection error.

15.   The Defendant's agent told the Plaintiff that in fact he did owe Target National Bank $1,583.30 and that the Defendant was "assigned" by Target to collect the amount.

16.   The above statement is false as Target no longer has any interest whatsoever in this account, which even if valid, was charged off in 2003, eleven years ago.

17.    The FDCPA prohibits a debt collector from making false, misleading and deceptive statements in their pursuit of collecting debt, see 15 U.S.C. §1692e.

18.    The date of the charge off, according to the Defendant when speaking with the Plaintiff was "either 2001 or 2003."

19.    Regardless of the date, both 2001 and 2003 charge off dates would preclude the Defendant from taking any action to legally collect the debt since the Colorado Statute of Limitations for such types of actions is six years.

20.    At no time either during the telephone call or the letter sent by the Defendant did the Defendant bother to inform the Plaintiff that the debt they were pursuing was legally uncollectible.

21.    In fact, the Defendant misled the Plaintiff into believing that unless and only unless he paid the disputed debt, legal action may ensue.

22.    The FDCPA prohibits a debt collector from misleading a consumer concerning the character, amount or legal status of the debt it is trying to collect, see 15 U.S.C. §1692e(2).

23.    During the September 19th telephone call the Defendant said that she (female agent of the Defendant) could make a deal to the Plaintiff and reduce the $1,583.30 debt to $316.00 if he would agree to pay "today."

24.    The Plaintiff disputed the debt and indicated that he believed his father had previously paid the debt.

25.    The Defendant had no legal basis to pursue the debt they alleged the Plaintiff owed.

26.    The FDCPA prohibits a debt collector from attempting to recover any amount that that exceeds either a written agreement or that permitted by law, 15 U.S.C. §1692f(1).

27.    Upon information and belief the Plaintiff asserts that the Defendant lacks any written agreement to collect an eleven year old charged off consumer credit card and is unaware of any law that would authorize the Defendant to collect any amount of debt from him.

28.    In addition to the letter sent on or about September 12th, the Defendant has also been contacting the Plaintiff on his cellular telephone using automated dialing equipment.

29.    The Plaintiff has no established business relationship with the Defendant and has never given consent to the Defendant to contact him by cellular telephone.

30.    Upon information and belief the Defendant utilizes automated dialing equipment to contact consumers.

31.    The Defendant contacted the Plaintiff numerous times utilizing automatic dialing equipment and is therefore liable under the TCPA for damages of between $500.00 to $1,500.00 per telephone call.

32.    The Plaintiff has records of at least three telephone calls and believes there are several others.

33.    Upon information and belief, the Defendant records every telephone call that it places to consumers and the Plaintiff will rely upon the Defendant's records to establish his damages under his TCPA claims.

34.   The use of automated dialing equipment to call the Plaintiff on his cellular
      telephone without consent violates the Telephone Consumer Protection Act, 42
      U.S.C. §227.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint
      as though fully stated herein.

36.   The foregoing acts and omissions of Defendant and its agents constitute
      numerous and multiple violations of the FDCPA including, but not limited to, each
      and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et
      seq., with respect to Plaintiff.

37.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual
      damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount
      up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable
      attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant
      herein.

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq.

38.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint
      as though fully stated herein.

39.     The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the TCPA.

40.     The Plaintiff is entitled to statutory damages of $500.00 per violation of the

TCPA.

41.     If the Plaintiff, in the course of discovery or at trial, can establish that the

Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to

$1,500.00 per violation of the TCPA.

## **TRIAL BY JURY**

42.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.     For compensatory damages;

2.     For statutory damages;

3.     For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5.     For pre-judgment interest to the extent permitted by law;

6.     For an award of attorneys' fees, costs and expenses incurred in the investigation, filing

and prosecution of this action; and

7.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Law Office of Troy D. Krenning, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**